WATERWOOD IMPROVEMENT ASSOCIATION, INC., Appellant,

v.

SAN JACINTO COUNTY APPRAISAL REVIEW BOARD, San Jacinto County Appraisal District, and Ruth Morrison, Appellees.

No. 09 84 306 CV.

Court of Appeals of Texas, Beaumont.

Sept. 19, 1985.

Rehearing Denied Oct. 10, 1985.

Tom Brown, Livingston, for appellant.

Robert F. Atkins, Coldspring, for appellees.

## OPINION

DIES, Chief Justice.

Appellant, as plaintiff below, sued the San Jacinto County Appraisal Review Board, the San Jacinto County Appraisal District, and their chief appraiser, contending that the latter's appraisal on 1,107.88 acres of land was greatly in excess of its market value. Trial was to the court without a jury, who found against plaintiff's/appellant's contention. This appeal follows.

The parties in this opinion will be referred to as they were below, or by name.

Horizon Development Corporation (developer) developed and proposed to develop a very large tract of land in San Jacinto County (our record does not reveal the size). The plat staked out lots, commercial and recreational areas and streets. Apparently many lots were sold (we do not know the number), and a golf course was constructed. The 1,107.88 acres involved in this lawsuit were designated the "Green Belt" area, and it was conveyed to the plaintiff, an association composed only of those grantees owning lots in the development. Plaintiff association members, as grantees, were restricted to recreational and educational use of the land. If any other use of the "Green Belt" acreage was made, the title would revert to Horizon, the grantor. Timber worth many thousands of dollars was sold off this "Green Belt" area (the amount is not in our record). This was accomplished by timber deeds in which both plaintiff and Horizon joined. Plaintiff

received some of the money (how much we do not know), but it seems fair from the record to state that the majority of this amount from the timber sales went to Horizon. At the time of trial, one witness testified there still remained timber worth some $440,000 on the "Green Belt" area. The appraiser for defendant district set the value of this land at about $2,500 per acre. Plaintiff, on the other hand, contends that because of the restrictions in the deed—as to use—that the entire 1,107.88-acre tract has only a nominal value of $1.00.

Plaintiff has many points of error but they all reduce to whether the trial court was correct or incorrect in finding plaintiff had failed to prove the land was covered by the terms of *Section 23.18* of the Property Tax Code, *TEX.TAX CODE ANN.* (Vernon 1982). That statute provides, in part:

"(a) Because many residential subdivisions are developed on the basis of a nonprofit corporation or association maintaining nominal ownership to property, such as swimming pools, parks, meeting halls, parking lots, tennis courts, *or other similar property,* that is held for the use, benefit, and enjoyment of the members of the organization, that nominally owned property is to be appraised as provided by this section on the basis of a nominal value to avoid double taxation of the property that would result from taxation on the basis of market value of both the property of the organization and the residential units or lots of the members of the organization, whose property values are enhanced by the right to use the organization's property." (emphasis supplied)

Then follows (in the statute) that property which qualifies to be appraised at a nominal value.

It is true that Horizon conveyed the 1,107.88 acres to plaintiff, but since the conveyance restricts its use to recreational or parks (subject to reversion to Horizon, if violated), no timber can be sold unless Horizon joins in the timber deed. The evidence shows the best income (perhaps only income) from the property is its timber

growth. Hence, plaintiff's contention would effectively prevent the taxing authorities in San Jacinto County from realizing any taxes from the land's sole value—timber.

We have found no case construing this statute (which became effective 1982), but we cannot conclude the Legislature intended a result such as plaintiff contends. We, therefore, hold that the 1,107.88 acreage involved in this case is not "similar property" as provided in the statute we partly set out above. All of plaintiff's/appellant's points of error are overruled.

The judgment of the trial court is affirmed.

Affirmed.